UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARIELA MATOS,

                                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, LIEUTENANT
WELLINGTON RUIZ, LIEUTENANT LAWRENCE
HAWKINS, LIEUTENANT KRISTIN MCGEE,
LIEUTENANT KEVIN MURRAY, and SERGEANT
JAMIE YOUNG, P.O. OFFICER ERICKA PAYNE,

                                                    Defendants.
------------------------------------------------------------------------x

**STIPULATION AND
PROTECTIVE ORDER**

19 Civ. 07691 (RA) (OTW)

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

      **WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

      1.    As used herein, "Confidential Materials" shall mean all materials relating to personnel of the New York City Police Department and/or the City of New York who are not plaintiffs in this action, including, but not limited to, (a) personnel files including the information contained therein including, but not limited to, information regarding salary, promotions, discipline and evaluations; (b) copies of any materials containing information about the discipline

of any personnel of the New York City Police Department and/or the City of New York who are not plaintiffs in this action, including, but not limited to, copies of investigation files, disciplinary files, Equal Employment Opportunity Office files, including the information contained therein; (c) medical files, psychological or psychiatric files, counseling or treatment files, early intervention file; (d) any materials that the Parties agree are subject to this order; (e) any documents that the Court directs to be produced subject to this order; and (f) any deposition testimony which reveals the contents of materials produced subject to this order.  Materials not relating to any specific, or identifiable, individual, employee or personnel of New York City Police Department and/or the City of New York, such as rules, regulations, policies shall not be deemed "Confidential Materials" unless confidential status is necessary for reasons of safety or security or otherwise required by law.

2.      Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"); or (b) are otherwise publicly available

3.      The party receiving the Confidential Materials (the "Receiving Party") will hold and use Confidential Information solely for use in connection with the action.

4.      The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

5.      Receiving Party's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a.  Disclosure may be made only if reasonably necessary to the prosecution or defense of this action.

b.  Disclosure before trial may be made only to:  i) the Receiving Party; ii) to an expert who has been retained or specially employed by the Receiving Party's attorneys in anticipation of litigation or preparation for this action;  iii) to a witness at deposition;  iv) attorneys with whom counsel may consult concerning this case;   v) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to testify;   vi) persons having prior knowledge of the documents or confidential information contained therein;   vii) the Court or Court officials involved in this action, including court reporters;  viii) persons designated by the Court in the interest of justice; and,  ix) upon such terms as the Court may deem just and proper.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or Court officials involved in this action), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by the Receiving Party's attorney.  At the time of disclosure the Receiving

Party's attorney shall provide Producing Party's attorney a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all person to whom the confidential information was disclosed, identifying also the confidential information disclosed.  The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

6.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  In the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure, nothing herein shall constitute a waiver of legal rights and defenses nor preclude the producing party from asserting legal claims concerning such a failure to appropriately protect PII from unauthorized disclosure.  The Receiving Party may apply to the Court for a ruling that a materials (or a category of materials) designated as confidential is not entitled to such status and protection.  The Producing Party shall be given notice of the application and shall have an opportunity to respond.  The Receiving Party must show by a preponderance of the evidence that good cause exists why the materials should not remain confidential.

- 4 -

8.     Where either party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact the producing party 7 days in advance of such filing, and the party that has designated the documents Confidential may request sealing and/or filing of redacted documents under seal or both pursuant to Hon. Ronnie Abrams's Individual Rule 5.A, Redactions and Sealed Filings.

9.     Within 30 days after the termination of this case, including any appeals, whether by settlement or final decision of the Court of last resort, all copies of any confidential materials, or documents or materials containing confidential information, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the Producing Party's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the Producing Party's attorneys.  Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

10.     The parties reserve their rights to seek the admission at trial of materials designated as confidential.  Procedures for seeking admission and admitting at trial materials designated as confidential shall be established by the parties and proposed to the Court, or imposed by the Court prior to trial.

11.     Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Inadvertent Production

12.     Pursuant to Federal Rule of Evidence 502, any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney-work product protection or any other privilege or protection recognized by law as well as any electronically stored information ("ESI") and/or non-party personally identifying information (collectively "Protected Material"), shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13.     A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand").  Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity, in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed.  If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.  Upon receiving a Clawback Demand, the Receiving Party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the Receiving Party agrees with the assertion of privilege and/or work product protection.

14.     If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the

case of redacted documents, compelling that the redactions be removed).  The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log).

15.    The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

16.    This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties.  Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

17.    Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

18.    A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

19.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

20.     Nothing in this Stipulation and Protective Order shall limit the Producing

Party's own use of its Confidential Materials.

Dated:        New York, New York
              August 6, 2022


**Law Office of John A. Scola, PLLC**            **HON. SYLVIA O. HINDS-RADIX**
Attorney for Plaintiff                           Corporation Counsel of the
30 Broad Street                                      City of New York
Ste 1424                                         Attorney for Defendants
New York, NY 10004                               100 Church Street, Room 2-187
917-423-1445                                     New York, New York 10007
                                                 (212) 356-2470


/s/                                              _____
John Andrew Scola , Jr., Esq.                    John F. Walpole, Esq.
                                                 Assistant Corporation Counsel


**SO ORDERED:**

September 7, 2022                                _____
_____
              Date                                    Hon. Judge Ona T. Wang
                                                 United States Magistrate Judge


- 8 -